UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
AKEEL ABDUL JAMIEL,

                          Plaintiff,

       -against-

ABEL VIVEROS, *Head Baker at Maison Kayser*; GABY
OR GABRIELA DE LA VEGA, *General Manager @
Maison Kayser*; JULIAN RAMIREZ, *Su Chef @ Maison
Kayser*; ANA LEDESMA, *H.R.*; MAISON
KAYSER@USA.COM; JENNIFER VILLEMIN; YANN
LEDOUX,

                         Defendants.
------------------------------------- x



MEMORANDUM DECISION
AND ORDER

19 Civ. 1389 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Akeel Abdul Jamiel, *pro se*, brings this action against Defendants Abel Viveros, Gabriela de la Vega, Julian Ramirez, Ana Ledsman, Jennifer Villemin, Yann Ledoux, and Breadroll Inc.[1] (collectively, "Defendants"), alleging that he was subjected to a hostile work environment based on his race and perceived sexual orientation. Plaintiff also raises wage claims against all Defendants and defamation against Defendant Viveros, the head baker at Breadroll Inc. (*See* Compl., ECF No. 2, at 5–6.) Defendants filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (*See* Notice of Defs.' Partial Mot. to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 48; Mem. of Law in Supp. of Defs.' Partial Mot. to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Mot. in Supp."), ECF No. 49.)

---

[1] As indicated in Defendants' moving papers, Plaintiff improperly refers to his prior employer, Breadroll Inc., as "Maison Kayser" throughout his pleadings.

[2] Although the title of Defendants' motion indicates that their argument is also pursuant to Federal Rule of Civil procedure 12(b)(1), they do not articulate any specific arguments relevant to Rule 12(b)(1).

Before this Court is Magistrate Judge Aaron's December 19, 2019 Report and Recommendation (the "Report," ECF No. 71), recommending that Defendants' motion to dismiss be granted to the extent of dismissing Plaintiff's (1) Title VII of the Civil Rights Act of 1964 ("Title VII") claim against the individual Defendants; (2) defamation claim against Defendant Viveros; and (3) Plaintiff's wage claims based on overtime. (*See* Report at 13.) In his Report, Magistrate Judge Aaron advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 13–14.) Plaintiff filed timely objections on January 2, 2020. (*See* Notice of Pl.'s Mot. to Oppose Defs.' Mot. to Dismiss ("Pl.'s Objs."), ECF No. 72.) Having reviewed Magistrate Judge Aaron's Report, as well as Plaintiff's objections, this Court ADOPTS the Report and overrules the objections. Accordingly, the motion is GRANTED in part and DENIED in part.

## I. FACTUAL BACKGROUND

On May 27, 2018, Defendant Breadroll Inc. hired Plaintiff to work as a baker under the supervision of head baker Defendant Viveros. (Compl. at 5.) Plaintiff claims that within his first week at Breadroll Inc., Defendant Viveros inquired about Plaintiff's ethnicity and upon learning that Plaintiff was not of Spanish descent, Defendant Viveros and his colleagues began to verbally abuse him through "indirect and direct racist statements." (*Id.*) Plaintiff reported this behavior to his general managers, who allegedly told him to "ignore them and just continue working." (*Id.*) Plaintiff claims that after reporting this conduct, Defendant Viveros retaliated against him by throwing away his lunches and calling him a "snitch." (*Id.*)

Plaintiff also states that Defendant Viveros began spreading false rumors to "every new baker" that Plaintiff is gay. (*Id.* at 6.) Additionally, Plaintiff claims that Defendant Viveros directed gay slurs and anti-gay comments toward Plaintiff, which caused another worker to sexually harass Plaintiff in front of Defendant Viveros. (*Id.* at 5–6.) Plaintiff again reported Defendant Viveros's

2

behavior, this time to Human Resources. (*Id.*) Plaintiff claims that upon receiving this report, his manager attempted to fire him, but a different head baker under whom Plaintiff worked helped him to keep his job. (*Id.*)

Plaintiff alleges that despite his commencement of the instant lawsuit on February 13, 2019, (*see id.*), the individual defendants persisted in harassing him. Distinct from his claims of harassment and discrimination, Plaintiff claims that Breadroll Inc.'s managers and some of the individual defendants interfered with his pay. (Am. Compl. at 6.) Plaintiff was fired in June, 2019. (*See* June 10, 2019 Letter, ECF No. 21, at 1.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993,

3

at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[3]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19,

---

[3] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

4

2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## III. DEFENDANTS' MOTION IS GRANTED IN PART AND DENIED IN PART

As an initial matter, Plaintiff's objections to Magistrate Judge Aaron's findings are perfunctory because they simply repeat—at a high level with minimal detail—the arguments and information included in his original pleadings. Indeed, Plaintiff's objections simply rely upon his assertion that he "ha[s] presented enough extra ordinary [sic] circumstances/circumstantial evidence that proves [P]laintiff's case ha[s] strong grounds." (*See* Pls.' Objs.) Because Petitioner's objections to the Report are merely perfunctory, this Court need review Magistrate Judge Aaron's findings for only clear error.

### A. Plaintiff's Title VII Discrimination Claims Against the Individual Defendants are Dismissed.[4]

First, Defendants argue that Plaintiff's Title VII claims should be dismissed because he did not exhaust his administrative remedies. (Mot. in Supp. at 6.) As the Report properly explains, however, relief may be granted on a Rule 12(b)(6) motion only when "failure to exhaust appears on the face of the complaint." (*Id.* at 5–6 (citing *Frederic v. NFC Amenity Mgmt.*, No. 17 Civ. 5769 (AJN), 2018 WL 4735715, at *2 (S.D.N.Y. Sept. 28, 2018).) Construing the face of the pleadings in a light most favorable to Plaintiff, it is not clear that he failed to exhaust the administrative remedies available to him. Therefore, Defendants' argument is rejected without prejudice.

---

[4] In their moving papers, Defendants construe Plaintiff's claims for discrimination, harassment, and retaliation as falling under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (*See* Mot. in Supp. at 1–2.) Therefore, this Court need not interpret Plaintiff's arguments as they pertain to other statutes or law under which he might have intended to bring his claims.

5

Next, Defendants argue that Plaintiff's Title VII claims should be dismissed because he failed to state a plausible claim upon which relief may be granted. (Mot. in Supp. at 7–8.) The Report correctly notes that pursuant to Second Circuit case law, Title VII does not permit Plaintiff to bring a suit against individuals. (Report at 6 (citing *Patterson v. Cty. Of Oneida, N.Y.*, 375 F.3d 206, 211 (2d Cir. 2004)).) Therefore, Defendants' motion as it pertains to Plaintiff's Title VII claims against the individual defendants—*i.e.*, Defendants Viveros, de la Vega, Ramirez, Ledsman, Villemin, and Ledoux—is granted.

With regard to Plaintiff's hostile work environment claim against Breadroll Inc., the Report appropriately outlines the Second Circuit's standards for pleading a prima facie case, including that Plaintiff must allege conduct that both a reasonable person would find hostile or abusive, and Plaintiff himself found to be abusive. (*See id.* at 7–8.) Moreover, the Report properly notes that in considering both the subjective and objective components of this type of claim, a court is charged with reviewing the totality of the circumstances and typically, courts will look for repetitive acts that are "pervasive." (*Id.* at 7 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d Cir. 2015); *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004)).) In reviewing all of the circumstances and facts alleged, and particularly focusing on the repetitive and derogatory comments that Plaintiff alleges Defendants made, the Report appropriately concludes that a reasonable person might find this type of conduct to be pervasive and abusive, and that Plaintiff himself has demonstrated that he found the claims to be discriminatory and hostile. Therefore, Plaintiff has sufficiently alleged a claim of a hostile work environment under Title VII against his employer. Defendants' motion to dismiss the Title VII claims against Breadroll Inc. is denied.

Additionally, with regard to Plaintiff's claims under NYSHRL and NYCHRL, the Report properly notes that the Second Circuit reviews NYSHRL claims under the same standard as it applies

6

in Title VII hostile work environment claims. (*See id.* at 9.) The Report also appropriately outlines the standard for reviewing claims under NYCHRL, which is broader than the standard applied to Title VII or NYSHRL claims. (*Id.* at 9 10.) Indeed, pursuant to relevant case law, a plaintiff bringing a claim under NYCHRL need only demonstrate "differential treatment," *i.e.*, that he or she was "treated less well" than others, due to a discriminatory intent. *Carter v. Verizon*, No. 13 Civ. 7579 (KPF), 2015 WL 247344, at *8 (S.D.N.Y. Jan. 20, 2015) (quoting *Mihalik v. Credit Agricole Cheuveux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)). (*See also* Report at 8–9.) Therefore, in finding that Plaintiff has met the standard required to allege a claim under Title VII, the Report properly concludes that Plaintiff also satisfied the standards in alleging claims under NYSHRL and NYCHRL. (*See* Report at 9–10.) Defendants' motion with regard to these claims is denied.

### B. Plaintiff's Defamation and Wage Claims are Dismissed.

The Report properly notes that to plead a claim of defamation, a plaintiff must demonstrate that, *inter alia*, he or she has suffered "special damages" or the conduct at issue is "defamation *per se*." (*See id.* at 10 (quoting *Thai v. Caure Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010)).) Plaintiff brings his defamation claim against Defendant Viveros based on the statements Defendant Viveros allegedly made about his sexuality. (*See* Compl. at 6.) Plaintiff, however, has not alleged any special damages and, as the Report properly explains, New York law does not find statements regarding homosexuality to be slanderous *per se*. (*See id.* at 10–11 (citing *Yonaty v. Mincolla*, 97 A.D.3d 141, 144 (3d Dep't 2012)).) *See also, e.g., Medcalf v. Walsh*, 938 F.Supp.2d 478, 487 (S.D.N.Y. 2013) (finding that a statement is considered defamation *per se* only when it "is made with reference to a matter of significance and importance for [the] purpose [of a business, trade, profession, or office], rather than a more general reflection upon the plaintiff's character or qualities") (citation omitted).

With regard to Plaintiff's wage claims, the Report appropriately articulates that to plead an overtime claim, a plaintiff must allege "sufficient detail about the length and frequency of [his or her] unpaid work to support a reasonable inference that [he or she] worked more than forty hours in a given week." (*Id.* at 11–12 (quoting *Nakahata v. New York-Presbyt. Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)).) Plaintiff, however, has not alleged how many hours he worked during the relevant period, nor has he alleged how many hours for which he was not compensated. (*See id.* at 12.)

### C. Plaintiff is Granted Leave to Amend.

Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). *See also Perez v. 117 Ave. of the Ams. Food Corp.*, No. 15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) ("A district court has broad discretion in determining whether to grant leave to amend.") (citation omitted). Here, the Report recommends that this Court grant Plaintiff leave to amend his defamation and wage claims, particularly when considering that Plaintiff is a *pro se* litigant. (Report at 12–13 (citing *Shelton v. Trustees of Columbia Univ.*, 236 F. App'x 648, 649–50 (2d Cir. 2007) (finding that if a liberal reading of a *pro se* litigant's complaint "gives any indication that a valid claim might be stated," a court should afford the litigant at least one opportunity to amend)).) *See also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("*[P]ro se* plaintiffs should be granted special leniency regarding procedural matters."). Plaintiff is granted leave to file a letter motion within 30 days of this order, attaching a proposed amended complaint.

### IV. CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED. Defendants' motion to dismiss, (ECF No. 48), is GRANTED in part, dismissing his Title VII claims against the individual defendants, his defamation claim, and his wage claim.

8

Dated: New York, New York
April 13, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge