UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
AKEEL ABDUL JAMIEL,

                        Plaintiff,

    -against-

MAISON KAYSER@USA.COM, ABEL VIVEROS,
GABRIELA DE LA VEGA, JULIAN RAMIREZ, ANA
LEDESMA, JENNIFER VILLEMIN, ANN LEDOUX,

                      Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 1389 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Akeel Abdul Jamiel, *pro se*, brings this action against Defendants Abel Viveros, Gabriela de la Vega, Julian Ramirez, Ana Ledsman, Jennifer Villemin, Yann Ledoux, and Breadroll Inc.[1] (collectively, "Defendants"), alleging that he was subjected to a hostile work environment based on his race and perceived sexual orientation. Plaintiff also raised claims of defamation against Defendant Viveros and wage claims against all Defendants. *Jamiel v. Viveros*, No. 19-CV-1389 (GBD) (SDA), 2020 WL 1847566, at *1 (S.D.N.Y. Apr. 13, 2020). Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37, seeking to dismiss this action based on Plaintiff's failure to comply with his discovery obligations. (*See* Notice of Defs.' Dismiss Pursuant to Federal Rules of Civil Procedure 37, ECF No. 141; Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pursuant to Federal Rules of Civil Procedure 37 ("Mot. in Supp."), ECF No. 142.)

Before this Court is Magistrate Judge Aaron's February 15, 2021 Report and Recommendation (the "Report," ECF No. 151), recommending that Defendants' motion to dismiss

---

[1] Plaintiff improperly refers to his prior employer, Breadroll Inc., as "Maison Kayser" throughout his pleadings.

1

be granted. (*See* Report at 1, 9.) In his Report, Magistrate Judge Aaron advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 10.) Plaintiff filed timely objections on March 1, 2021. (*See* Notice of Pl.'s Mot. to Oppose Defs.' Mot. to Dismiss ("Pl.'s Objs."), ECF No. 154.) Having reviewed Magistrate Judge Aaron's Report, as well as Plaintiff's objections, this Court ADOPTS the Report and overrules the objections. Accordingly, the motion is GRANTED.

## I. FACTUAL BACKGROUND

The factual allegations of this action are summarized in this Court's April 13, 2020 decision adopting a report and recommendation from Magistrate Judge Aaron dismissing Plaintiff's Title VII claim, defamation claim against Defendant Viveros, and Plaintiff's wage claims based on overtime. *Jamiel*, 2020 WL 1847566, at *1–2. Familiarity with the Court's prior decision is presumed.

Defendants served Plaintiff with document requests and interrogatories on February 13, 2020. (Report at 2.) Following a telephone conference with the parties on March 5, 2020, Plaintiff was ordered to respond to Defendants' document requests by April 9, 2020. (Report at 3; 3/5/20 Order, ECF No. 83.) Plaintiff failed to respond to the document requests and Magistrate Judge Aaron again ordered Plaintiff to respond, this time with a deadline of July 9, 2020. (Report at 3; 7/2/20 Order, ECF No. 106.) In this Order, Plaintiff was warned that failure to comply with court orders would result in the imposition of sanctions including potential dismissal. (*Id.*) After this Order was entered, Plaintiff wrote to the Court and provided multiple implausible excuses for his failure to comply with the Court's orders. (*Id.* at 3.) These excuses included, that a "police gang/cult" called the "elks" were stealing information from his laptop and providing it to defense counsel and that "elks" had destroyed three of Plaintiff's computers with viruses. (*Id.*)

Perhaps unsurprisingly, Plaintiff again failed to comply with the Court's order to provide discovery. (*Id.*) On August 4, 2020, Magistrate Judge Aaron once again ordered Plaintiff to produce responsive documents. (*Id.* at 4.) He again warned that Plaintiff's *pro se* status did not excuse him from complying with all court orders, and this continued failure to comply could result in dismissal. (*Id.*) On August 12, 2020, Plaintiff provided incomplete, unsworn, and unsigned interrogatory responses. (*Id.*) Plaintiff also stated that he did not possess any "paperwork," again due to the malfeasance of "the satanic cult/police gang known as the elk cult." (*Id.*) Thus, Plaintiff did not produce any responsive documents to Defendants. (*Id.*) Magistrate Judge Aaron held another conference on August 28, 2020 where the Court advised Plaintiff of his discovery deficiencies. (*Id.* at 5.) Following the conference, Magistrate Judge Aaron ordered Defendants to email Plaintiff certain employment-related authorizations that had been previously sent to Plaintiff, and ordered Plaintiff to return the signed authorizations by September 4, 2020. (*Id.*) Magistrate Judge Aaron's Order again provided: "If Plaintiff fails to timely complete and return such authorizations, sanctions may be imposed against him up to and including a recommendation that his case be dismissed for failure to prosecute." (*Id.*)

On January 6, 2021, Magistrate Judge Aaron held a status conference, which the Plaintiff failed to attend. (*Id.*) Magistrate Judge Aaron was also informed by Defendants that Plaintiff had failed to comply with his August 28 Order. (*Id.* at 5–6.) Magistrate Judge Aaron issued an order directing Plaintiff to respond to a deficiency letter (previously sent by Defendants) by January 15, 2021. (*Id.* at 6; 1/6/21 Order, ECF No. 139.) The Order also included the now familiar refrain that: "Plaintiff is warned that failure to comply with Orders of the Court may result in the imposition of sanctions up to and including a recommendation that this case be dismissed." (*See id.*)

On January 22, 2021, Defendants filed the instant motion to dismiss, and noted that Plaintiff has still failed to provide the requested discovery. (*Id.* at 6.)

## II. LEGAL STANDARD

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## B. Federal Rule of Civil Procedure 37

Compliance with discovery orders "is necessary to the integrity of our judicial process. A party who flouts such orders does so at his peril," *Update Art, Inc. v. Modiin Publ'g. Ltd.*, 843 F.2d 67, 73 (2d Cir.1988), and "all litigants, including *pro ses*, have an obligation to comply with court orders." *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir.2009) (per curiam) (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir.1990)) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." District courts have wide discretion in fashioning appropriate sanctions for a party's failure to comply with discovery orders. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir.2010) (noting that "the text of the rule requires only that the district court's orders be 'just'"). Sanctions pursuant to Federal Rule of Civil Procedure 37 are appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, (1976) (per curiam).

### III.   THE REPORT IS ADOPTED

As an initial matter, Plaintiff's objections to Magistrate Judge Aaron's findings are perfunctory because they are conclusory and rehash—at a high level with minimal detail—the arguments and information included in his opposition to Defendant's motion to dismiss. (Pl.'s Mot. to Oppose Defs.' Mot. to Dismiss, ECF No. 146). Indeed, Plaintiff's objections simply state that he cannot provide discovery he does not have. He goes on to repeat his irrelevant and illogical allegations that defense counsel is a member of a "criminal organization" called "elk cult," which he claims is retaliating against him for bringing his claims. (*See* Pls.' Objs.) Because Plaintiff's

5

Case 1:19-cv-01389-GBD-SDA   Document 155   Filed 03/11/21   Page 6 of 7


objections to the Report are merely perfunctory, this Court need review Magistrate Judge Aaron's findings for clear error only.

### A. Magistrate Judge Aaron Correctly Granted Defendant's Rule 37 Motion

The factors relevant under a 37(b) analysis to determine appropriate sanctions include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lessor sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (quotation marks and citations omitted). The Report properly balanced Defendant's claims under these four factors.

First, Magistrate Judge Aaron correctly found that Plaintiff's conduct amounted to willful noncompliance because Plaintiff has continually failed to produce documents and provides no plausible explanation for this failure. (Report at 7–8.) Second, Magistrate Judge Aaron accurately determined that any sanction less than dismissal would not be effective because Plaintiff has shown no intention to comply with any court orders. (Report at 8.) Third, Magistrate Judge Aaron correctly held that the period of noncompliance also favored dismissal. (*Id.*) Plaintiff has not adequately responded to Defendants' discovery requests since they were served more than one year ago. Finally, Plaintiff has been warned three times that failure to comply with court orders would result in dismissal. (*Id.* at 9.) Accordingly, Magistrate Judge Aaron properly recommended that Defendants motion to dismiss pursuant to Rule 37(b) be granted. (*Id.*)

### B. Magistrate Judge Aaron Correctly Identified Rule 41(b) as an Independent Basis for Dismissal

Magistrate Judge Aaron also recommended that this case be dismissed based on Plaintiff's failure to prosecute. (Report at 9, n.6.) In relevant part, Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a

defendant may move to dismiss the action or any claim against it." The Second Circuit considers five factors in deciding whether a court has properly dismissed a case for failure to prosecute: [whether] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis*, 564 F.3d at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); accord *Mitchell*, 708 F.3d at 467–68 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). As Magistrate Judge Aaron properly found, the factors significantly overlap with the Rule 37 factors and militate in favor of dismissal. (Report at 9, n.6.)

## IV. CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED. Defendants' motion to dismiss, (ECF No. 141), is GRANTED. Adoption of this Report moots an earlier motion to dismiss, (ECF No. 95), filed by Defendants. The Clerk of the Court is directed to close both motions accordingly.

Dated: New York, New York
March 11, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge